COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1705-CR**

Cir. Ct. No. **2017CF88**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KEANA S.J. COUSIN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and order of the circuit court for Fond du Lac County: RICHARD J. NUSS, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Keana S.J. Cousin appeals from a judgment convicting her of conspiracy to commit the manufacture or delivery of more than fifty grams of heroin and from an order denying her postconviction motion to withdraw her guilty plea.  We reject her arguments and affirm.

¶2     Fond du Lac police arrested Cousin after a heroin-trafficking investigation based on information from confidential informants and others to whom she sold heroin for further distribution.  The heroin had an estimated street value of over $315,000.  Cousin was charged in a thirteen-count indictment.  Eight related to possession or intent to deliver heroin or cocaine; one alleged that she maintained a drug-trafficking place; the others alleged felony bail jumping.

¶3     An amended information alleged a single count of conspiracy to manufacture or deliver more than fifty grams of heroin, which carried a maximum penalty of up to forty years' imprisonment and/or a $100,000 fine.  The information and amended information accurately reflected the potential penalties.

¶4     Cousin also faced four drug charges in an earlier case.[1]  In exchange for Cousin's guilty plea to the one count in the case before us on appeal, the State agreed to dismiss and read in the four counts in the earlier case.  The court ordered a sentence of thirteen years' initial confinement followed by ten years' extended supervision.  It imposed no fine.

---

[1] The four charges stemmed from a traffic stop of Cousin and a companion during which police found drugs and drug paraphernalia in the car.  When Cousin later was searched at the jail, police found heroin in a quantity "similar to the size and shape of a 12-ounce can of soda" that Cousin had secreted in a body cavity.  She was charged with conspiracy to commit: (1) possession with intent to manufacture, distribute, or deliver heroin (>50g); (2) possession with intent to manufacture, distribute, or deliver cocaine (>1-5g); (3) possession with intent to manufacture, distribute, or deliver THC (<=200g); and (4) possession of drug paraphernalia.

¶5      After sentencing, Cousin moved to withdraw her guilty plea.  She claimed it was not knowing, intelligent, and voluntary because the court told her during the plea colloquy that she faced a fine of up to $20,000 when the maximum actually was $100,000; did not define "conspiracy," an element of the crime to which she pled; and did not inform her of the consequences of dismissed and read-in charges.  Her motion was denied without a hearing.  Cousin appeals.

¶6      A defendant seeking to withdraw his or her plea after sentencing must show by clear and convincing evidence that a "manifest injustice" requires withdrawal.  *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482. One way to establish a manifest injustice is to show that the plea was not entered knowingly, intelligently, and voluntarily.  *Id.*

¶7      That is because "[a] plea not entered knowingly, voluntarily, and intelligently violates fundamental due process, and a defendant therefore may withdraw the plea as a matter of right."  *State v. Cross*, 2010 WI 70, ¶14, 326 Wis. 2d 492, 786 N.W.2d 64.  "Whether a plea was entered knowingly, voluntarily, and intelligently presents a question of constitutional fact that is reviewed independently."  *Id.*  This court accepts the circuit court's findings of historical or evidentiary facts unless they are clearly erroneous.  *Id.*  If the defendant cannot show that plea withdrawal is necessary to correct a manifest injustice, he or she is not entitled to an evidentiary hearing, and plea withdrawal remains in the discretion of the circuit court.  *Id.*, ¶4.

¶8      Before accepting a plea of guilty or no contest, the circuit court must conduct a colloquy with the defendant to ascertain that he or she understands the elements of the crime to which the defendant is pleading guilty, the constitutional rights being waived by entering the plea, and the maximum potential penalty that

can be imposed. WIS. STAT. § 971.08 (2017-18)[2]; ***State v. Bangert***, 131 Wis. 2d 246, 260, 389 N.W.2d 12 (1986). The colloquy helps to ensure that the defendant is knowingly, intelligently, and voluntarily waiving the rights he or she is giving up by entering a plea. *See **State v. Brown***, 2006 WI 100, ¶23, 293 Wis. 2d 594, 716 N.W.2d 906.

¶9    Cousin alleges a ***Bangert*** violation because, she asserts, the court did not satisfy all of its mandatory duties, rendering the plea colloquy defective on its face. *See **Bangert***, 131 Wis. 2d at 274. She claims she was entitled to a hearing on her plea-withdrawal motion because she did not know or understand all of the information the court should have provided. *See **Brown***, 293 Wis. 2d 594, ¶39.

¶10    Whether a defendant is entitled to an evidentiary hearing on a plea withdrawal motion under ***Bangert*** is a question of law we review independently. ***State v. Howell***, 2007 WI 75, ¶30, 301 Wis. 2d 350, 734 N.W.2d 48. We review de novo whether the defendant "has pointed to deficiencies in the plea colloquy that establish a violation of WIS. STAT. § 971.08 or other mandatory duties at a plea hearing"; and "sufficiently alleged that he [or she] did not know or understand information that should have been provided at the plea hearing." ***Brown***, 293 Wis. 2d 594, ¶21.

¶11    ***Taylor*** and ***Cross*** teach that a circuit court's failure to advise a defendant in the plea colloquy of the correct potential punishment does not automatically warrant plea withdrawal. ***State v. Finley***, 2016 WI 63, ¶81, 370 Wis. 2d 402, 882 N.W.2d 761. The amended information and plea questionnaire

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

expressly stated that the maximum penalty Cousin faced for the charged offense was forty years' imprisonment or a $100,000 fine, or both. The fact that she was orally misinformed of the maximum fine is of no consequence, as she was not fined at all.

¶12    We also are not moved by Cousin's claim that she did not understand the element of "conspiracy" because the circuit court did not define it. Several times, the court satisfied its duty under **Bangert** to ascertain her understanding of the nature of the charge. It stated that the amended information contained a single count of conspiracy to commit the manufacture and delivery of a controlled substance, specifically, heroin; verified that she understood "the charge, the single count in the amended information that [she was] about to enter a plea to"; confirmed that she read, understood, and discussed her plea questionnaire with her attorney before signing it and was making her plea freely, voluntarily, and knowingly; and ascertained that she understood that by pleading she was relieving the State of its burden of proving the elements of the crime, which included conspiring to deliver heroin in an amount over fifty grams. The court found in particular:

> [The complaint] was very specific, very directive, and it very clearly demonstrated in this Court's independent analysis of the criminal complaint a factual basis to support the plea that Ms. Cousin is now offering to the Court that she, in fact, conspired to commit the manufacture and delivery of heroin in that quantity during the time period in question ….

¶13    For her part, Cousin told the court that she had no questions about her plea. Also, she did not contradict her counsel when he told the court that they had had adequate time to discuss the case, and believed that Cousin understood the

nature and elements of the offense and effects of her plea and was entering it freely, voluntarily, and intelligently. She did not ask for clarification on anything.

¶14 In addition, the plea questionnaire, which Cousin assured the court she had reviewed, discussed with her counsel, and understood, stated that the charge was conspiracy to manufacture or deliver more than fifty grams of heroin. It contained the standard language reflecting that Cousin understood the "elements that the State would have to prove beyond a reasonable doubt if I had a trial. These elements have been explained to me by my attorney or are as follows."

¶15 Although the box next to "See Attached sheet" was checked, an attachment does not appear with the scanned plea questionnaire. The court later found, however, that a printout of the elements had been attached to the plea agreement and that its absence from the electronic record was "an apparent unfortunate clerical error and casualty of the e-filing system." The plea transcript shows no concern or objection raised by the prosecutor, defense counsel, the court, or, importantly, Cousin, that the elements printout was not attached or that Cousin did not understand the elements. The court's finding is not clearly erroneous.

¶16 Finally, Cousin complains that her plea was not knowing, intelligent, and voluntary because the court did not inform her about the significance of dismissed and read-in charges. Under WIS. STAT. § 973.20(1g)(b):

> "Read-in crime" means any crime that is uncharged or that is dismissed as part of a plea agreement, that the defendant agrees to be considered by the court at the time of sentencing and that the court considers at the time of sentencing the defendant for the crime for which the defendant was convicted.

¶17 The standard plea questionnaire, which, again, Cousin read and signed, explains to criminal defendants the effects of read-in charges. It provides:

- I understand that if any charges are read[]in as part of a plea agreement they have the following effects:

  - Sentencing—although the judge may consider read-in charges when imposing sentence, the maximum penalty will not be increased;

  - Restitution—I may be required to pay restitution on any read-in charges; and

  - Future prosecution—the State may not prosecute me for any read-in charges.

¶18 After finding that her plea was freely, voluntarily, and intelligently made, the court once more addressed Cousin directly about her understanding of the plea and the proceeding:

> Before I proceed any further, Ms. Cousin, I just once again want to be satisfied that you understand very clearly the import of this proceeding and what is being transpired; that you've had a chance to talk to [your attorney]; that you're satisfied with his representation of you; and that your decision in entering this plea, once again, today on that amended information, single count, is being made by you reflecting on all of that freely, voluntarily, and knowingly. Is that all correct?

Cousin responded, "Yes," and the court accepted her guilty plea.

¶19 Before adjourning, the court addressed Cousin yet again:

> THE COURT: Ms. Cousin, you understand everything that's happening here?
>
> MS. COUSIN: Yes.
>
> THE COURT: Do you have any questions whatsoever?
>
> MS. COUSIN: No.
>
> THE COURT: Any reason you want to withdraw your plea right now?
>
> MS. COUSIN: No.

¶20     Cousin offers nothing more than a conclusory statement that she did not comprehend the consequences of read-in charges simply because the court did not recite to her the effects that she already had told the court she understood.

¶21     Cousin has not established a prima facie violation based on the plea colloquy and has not sufficiently alleged that she did not know or understand information that she claims should have been provided at the plea hearing. Any defects with regard to the court's mandatory duties were insubstantial and could not support plea withdrawal under the manifest injustice standard. The court did not erroneously exercise its discretion in denying Cousin an evidentiary hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.